## CLAYTON v. KNOX.

(Supreme Court, Appellate Division, Second Department. February 11, 1903.)

1. MASTER AND SERVANT—WAGE COUPONS—LOSS—LIABILITY OF MASTER.
   A master is not liable to the assignee of a servant for the amount of wages represented by coupons payable in cash to bearer, which were paid to the servant and lost by him some seven months before the assignment, no notice of the loss having been given to the master, so as to enable him to protect himself against a double payment.

   Bartlett and Hirschberg, JJ., dissenting.

Appeal from municipal court.

Action by William Clayton against Edward M. Knox. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Martin W. Littleton, for appellant.
Charles J. Ryan, for respondent.

WOODWARD, J. The plaintiff sues upon an assignment of a claim of one Joseph Sabo, a hat maker employed by the defendant, and the learned court below has rendered a judgment in favor of

the plaintiff for the amount of the claim. From this judgment the defendant appeals.

Sabo, it appears, in conformity with a custom prevailing in the factory of the defendant, accepted certain coupons representing the value of work performed,· which coupons were payable at the office on certain dates. The aggregate amount of these coupons was a little over $10. It appears from the evidence that the plaintiff's assignor either lost these coupons or that they were stolen from him, and that he treated them as lost, without making any claim upon the defendant for the amount represented by them for a period of about seven months, when, at the request of the plaintiff and others, who appear to have been known as the "shop committee," he made an assignment of his claim, and the plaintiff brought this action, not so much for the amount involved, it appears, as for the purpose of establishing a precedent by which the defendant would be made liable for lost coupons. It would hardly be suggested that, if the defendant had paid Sabo the money, instead of giving him the coupons, there would be any liability upon his losing the money. As the coupons represented money, and were payable to any one who presented them, it would be a harsh rule to say that the defendant, who may have paid these very coupons, could be called upon to make good the loss ; and especially when the person to whom they were given had remained passive for a period of seven months without giving the defendant any notice of the loss, that he might take steps to protect himself. More than this, there is evidence in the case that defendant's foreman gave out to Sabo coupons in excess of his earnings for a period of several weeks, more than compensating him for his loss of coupons ; and, while it does not appear that he was acting under orders of the defendant, it is clear that the latter has more than made good, by actual increase in cost of labor for subsequent services, all that Sabo lost through his misfortune in respect to the coupons which disappeared some seven months before the assignment of the claim involved in this action. There are some matters, however, which are not entirely clear from the evidence. There is some suggestion that these extra payments were due in a measure to losses sustained by Sabo by reason of having to work with and instruct an apprentice, and we conclude that there should be a new trial of this action, where all of the facts may be cleared up. The defendant ought not to be charged with the payment of lost coupons, which he may have paid, through the carelessness of the plaintiff's assignor in not giving notice, unless the evidence shows some controlling reason for such a determination, which is not the case as the evidence now stands.

The judgment appealed from should be reversed, and a new trial ordered ; costs to abide the event. All concur, except BARTLETT and HIRSCHBERG, JJ., who dissent.